Charles L. Robinson, CPA Legislative Auditor State Capitol, Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request for an opinion on the following question:
 Does Ark. Stat. Ann. 19-4425 or any other Arkansas law require cities of the second class or incorporated towns to accept competitive bids on contracts?
Section 5 of Act 28 of 1959, [Ark. Stat. Ann. 19-4425 (Supp. 1985)], provides in pertinent part:
 ". . .where the amount of expenditures for any purpose or contract exceeds the sum of five thousand dollars ($5,000.00), the mayor or his duly authorized representative, shall invite competitive bidding thereon. . ."
It appears, however, that 19-4425 applies only to cities of the first class. The provisions of Act 28 of 1969, dealing with financial affairs of cities, are limited to cities of the first class having a mayor — council or commission form of government. This is indicated by the title of the Act as well as by the emergency clause contained in Act 154 of 1979, which amended Section 5 of Act 28.
Section 5 of Act 28 required competitive bidding in contracts exceeding $1,000.00. This was amended in Act 154 of 1979 to increase the dollar amount to $2,000.00 due to inflation. Section 5 of Act 28 was again amended by Act 745 of 1985 to increase the dollar amount from $2,000.00 to $5,000.00.
Although other sections of Act 28 have been amended to include all cities and towns with a mayor — council form of government (See Ark. Stat. Ann. 19-4421 and 19-4424), Section 5 of Act 28 has only been amended to increase the dollar amount at which competitive bidding on contracts will be required. Section 5 of Act 28 has not been amended to include all cities and towns with a mayor-council or commission form of government. Thus, Section 5 of Act 28 or Ark. Stat. Ann. 19-4425, applies only to cities of the first class having a mayor-council or commission form of government.
It must be concluded from the absence of statutory or constitutional authority in this regard that cities of the second class and incorporated towns are not subject to a competitive bidding requirement. This conclusion is further supported by the General Assembly's clear imposition of such a requirement on cities of the first class. Inclusion of such language with respect to cities of the second class and incorporated towns could easily have been accomplished.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.